## No. 258

### ZURICH INS. CO. v. WARNER

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 6308. Decided Dec. 14, 1925

114. ATTORNEY AND CLIENT—There must be an express or implied agreement between an attorney and his client before latter will be held liable for services rendered.

SULLIVAN, J.

One Lyons, was the owner of a policy issued by the Zurich General Accident & Liability Insurance Co. covering legal liabilities for injuries or death while operating his automobile. In 1921 Lyons was sued for $1000 by one Schmidke for damages sustained. There was a clause in the policy whereby the Insurance Co. was obliged to defend the insured in case of accident. The record showed that Lyons retained Dorr E. Warner, but with the understanding that the Insurance Co. was to pay the attorney's fees and not Lyons.

Warner performed certain services which were absolutely necessary in defending Lyons in the suit brought by Schmidke. Warner submitted the history of the case and the facts to the Cleveland attorneys of the Insurance Co., but it does not appear that Warner submitted all the facts to the Insurance Co. before a certain conference was had with the Cleveland attorneys for the Insurance Co.

The case instituted in the Cleveland Municipal Court was decided in favor of Warner. Error was prosecuted by the Company and the Court of Appeals held:

1. Warner, as a practicing attorney, had a right to charge for any professional services rendered to the attorney for the Insurance Co. upon request.

2. The record does not show what the charges were for the services, nor does it show what they were reasonably worth.

3. No express or implied agreement to pay for such services, by the Insurance Co. was shown; nor is there anything in the record to show a ratification or waiver by Warner or the Insurance Co. as to services performed before the conference with the attorneys of the Company.

4. The pleadings do not bear out the assumption that the Insurance Co. was liable for the attorney's fees because it acquiesced in and accepted the benefit of the services.

5. The case was not tried upon this theory and the pleadings and record do not warrant it.

Judgment reversed.

Attorneys—J. H. McNeal for Company; J. C. Logue for Warner; both of Cleveland.

---

## No. 259

### QUEEN INCUBATOR CO. v. MERRELL CO.

Ohio Appeals, 6th Dist., Lucas Co.

No. 1626. Decided Jan. 11, 1926

1063. SALES—1. The statutes on sales do not prohibit recovery for loss of profits.

2. If profits on a contract of sale which has been breached by seller can be shown with reasonable degree of certainty, loss of such profits may be recovered from seller.

WILLIAMS, J.

The Queen Incubator Co. brought this action in the Lucas Common Pleas against the Merrell Co. to recover the purchase price of 25 brooder stoves.

A counterclaim was filed by the Merrell Co. setting up a contract by which the Incubator Co. agreed to furnish all incubators and brooders sold by the Merrell Co. in a certain territory for the years 1922 and 1923. The Merrell Co. alleged that the Incubator Co. failed to make deliveries and that it was damaged by such failure of delivery to the extent of $909.06. Judgment was entered in favor of the Merrell Co., for about $450.00. The Incubator Co. prosecuted error alleging that no recovery can be had for loss of profits. The Court of Appeals held:

1. Nothing in the sales code prohibits the recovery of loss of profits where the case is a proper one for the recovery of such profits.

2. In a breach, by the seller, of a contract of sale, if the profits can be shown with reasonable degree of certainty, the loss of such profits may be a basis of recovery.

Judgment affirmed.

Attorneys—L. B. Hall; O. W. Nelson for Queen Incubator Co.; Taber, Chittenden, Northup & Daniels for the Merrell Co.; all of Toledo.